UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUANE LEE SUMMERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAY YOSHITANI, et al.,<br><br>　　　　Defendants. | CASE NO. C14-0482JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO APPOINT COUNSEL, AND DISMISSING ACTION |

## I.　　INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Brian A Tsuchida (R&R (Dkt. # 4)), and Plaintiff Duane Lee Summers's objections thereto (Obj. (Dkt. # 6)). Having carefully reviewed the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 4) and DISMISSES Mr. Summers's complaint without prejudice. In addition, the court has considered Mr. Summers's motion to appoint counsel (Mot. (Dkt. # 5) and DENIES it.

ORDER- 1

## I. BACKGROUND

Mr. Summers is seeking to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Mr. Summers describes himself as a seventh generation Duwamish Indian and a seventh generation grand nephew of Chief Seattle. (Am Compl. (Dkt. # 7) at 4.) His proposed complaint alleges that the Muckleshoot and Suquamish tribes have declared war on him and the Duwamish tribe in violation of the 1855 Treaty of Point Elliot by making plans with the Port of Seattle ("the Port") to acquire certain artifacts from the Burke Museum. (Compl. (Dkt. # 1-1).) Mr. Summers believes that this plan violates his First Amendment rights to practice his religion, will deprive him of property without due process in violation of the Fifth and Fourteenth Amendments, and violates his rights under the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996. (*See* Compl.) Mr. Summers seeks injunctive relief to prevent Defendants from transferring the artifacts to the Suquamish or Muckleshoot tribes. (*See id.*)

Magistrate Judge Tsuchida recommended dismissing Mr. Summers's proposed complaint under 28 U.S.C. § 1915A(b) and denying Mr. Summer's *in forma pauperis* application as moot. (*See* generally R&R; *see also* 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Tsuchida concluded that Mr. Summers's claims against the Muckleshoot and Suquamish tribes are barred by the doctrine of sovereign immunity. (R&R at 2-3.) Magistrate Judge Tsuchida also found that Mr. Summers failed to state a claim against the Port because he did not allege a constitutional deprivation inflicted in execution of an official policy or custom as required under *Monell v. New York Department of Social Services*, 436 U.S. 658, 690-91 (1978), to maintain a claim under

42 U.S.C. § 1983 against a local government entity. (R&R at 3.) Finally, Magistrate Judge Tsuchida also concluded that Mr. Summers does not have a 42 U.S.C. § 1983 claim under AIRFA because the statute does not create a private right of action or any judicially enforceable rights. (R&R at 3 (citing *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988)).)

In addition, this court notes that Mr. Summers has failed to allege facts with respect to the individual Port of Seattle officials or employees named in his complaint sufficient to support a facially plausible claim under 42 U.S.C. § 1983. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (stating the pleading requirement that factual content must be alleged with sufficient specificity to raise entitlement to relief above the speculative level); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Indeed, the only specific fact that Mr. Summers alleges with respect to any individual defendant is that Defendant Jason Kelly, who Mr. Summers alleges is a "Port of Seattle spokesperson," made certain public statements concerning the alleged agreement between the Port of Seattle and the Muckleshoot and Suquamish tribes. (Compl. at 3-4.) The same is true with respect to Christine Gregoire, the former governor of Washington State. The complaint is completely devoid of any allegations concerning the former governor or even how the State of Washington might be otherwise involved in the facts alleged in Mr. Summers's complaint.

Magistrate Judge Tsuchida concluded that in the present circumstances, the court was not required to grant Mr. Summers leave to amend before dismissing his complaint without prejudice. (R&R at 4.) Nevertheless, Magistrate Judge Tsuchida permitted Mr.

ORDER- 3

Summers to file an amended complaint for this court's consideration should he object to the dismissal of his complaint under 28 U.S.C. § 1915A(a).  (R&R at 4.)

Two days after Magistrate Judge Tsuchida issued his Report and Recommendation, Mr. Summers filed a motion seeking the appointment of counsel.  (*See generally* Mot.)  In addition, Mr. Summers timely filed an objection to Magistrate Judge Tsuchida's Report and Recommendation to dismiss his complaint.  (*See* Obj.)  He also filed an amended complaint as suggested by Magistrate Judge Tsuchida.  (*See* Am. Compl.)  In his objection , Mr. Summers disputes some of Magistrate Judge Tsuchida's conclusions, but does not provide any grounds that could serve as a basis for rejecting the Report and Recommendation.  (*See generally* Obj.)

## II.  REVIEW OF REPORT & RECOMMENDATION

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *Id.*  Because Mr. Summers is proceeding *pro se*, this court

must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Most of Mr. Summers's objection consists of restating the assertions or arguments in his complaint that were already addressed in Magistrate Judge Tsuchida's Report and Recommendation. (*See* Obj. at 2, 3-4, 6.) Mr. Summers also argues that the sovereign immunity of the Muckleshoot and Suquamish tribes extends only so far as their particular reservation and that therefore the court has jurisdiction over his claim. (*Id.* at 2-3.) In addition, he baldly asserts that the Port of Seattle is acting under an official policy, although he does not explain what that policy is, and he admits that the Port "never mentioned any policy or custom giving authority in this transfer of Duwanish artifacts to unfriendly tribes . . . ." (*Id.* at 3.)

None of the foregoing objections raise any novel issues that were not addressed by Magistrate Judge Tsuchida's Report and Recommendation. Moreover, the court has thoroughly examined the record before it and finds Magistrate Judge Tsuchida's reasoning persuasive in light of that record. Mr. Summers has essentially reargued the arguments he made to Magistrate Judge Tsuchida, and the court independently rejects them for the same reasons as Magistrate Judge Tsuchida.

In addition to filing an objection, however, Mr. Summers also filed a proposed amended complaint. (*See generally* Am. Compl.) In his amended complaint, Mr. Summers does not allege any new facts, but does assert a variety of new causes of action. Mr. Summers asserts additional claims under (1) the Native American Graves and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001, *et seq.*, (2) the Archeological

ORDER- 5

Resources Protection Act ("ARPA"), 16 U.S.C § 470-470mm, (3) the National Museum of the American Indian Act, 20 U.S.C. § 80q-8, (4) the Native American Language Act ("NALA"), 25 U..C. §§ 2901, *et seq.*, and (5) Executive Order No. 13007.  (Am. Compl. at 4, 5 (¶ 8).)  None of these additional statutes or other authorities, however, provide any basis for Mr. Summers's alleged claims herein.

First, the court considers Mr. Summers's claim for artifacts at issue under NAGPRA.  There are two provisions under NAGPRA that may be applicable with respect to Mr. Summers's amended complaint:  the "ownership" and "repatriation" provisions.  *See* 25 U.S.C. § 3002, 3005.  First, under the "ownership" provision, NAGPRA establishes rights of ownership or control to Native American cultural items which are excavated or discovered on federal or tribal lands after November 16, 1999. *See* 25 U.S.C. § 3002.  Mr. Summers, however, has not alleged that the items at issue were "excavated or discovered on federal land." (*See generally* Am. Compl.)  Second, under the "repatriation" provision of NAGPRA, sacred objects and objects of cultural patrimony in the control or possession of federal agencies or museums that receive federal funds shall be expeditiously returned where the requesting party is a direct lineal descendant of an individual who owned the sacred object.  *See* 25 U.S.C. § 3005(a)(5)(A). Although Mr. Summers has alleged that he is a seventh generation descendant of Chief Seattle (*see* Am. Compl. at 4 (¶ 3); *see also* Compl. at 4 (¶ 1) ("7th Generation grand-nephew of Chief Seattle)), he has failed to allege that he is a direct lineal descendant of an individual who owned the objects at issue in this action.  (*See generally* Compl.; Am. Compl.)  Thus, Mr. Summers has failed to allege a claim under

NAGPRA that can withstand the court's scrutiny under 28 U.S.C. § 1915A(b).  *See also* 28 U.S.C. § 1915(e)(2)(B).

Mr. Summers's claim under ARPA also fails to withstand 28 U.S.C. § 1915A(b) scrutiny.  ARPA requires a permit for any "activity . . . undertaken for the purpose of furthering archaeological knowledge in the public interest."  16 U.S.C. § 470cc(b)(2).  However, "[n]o ARPA permit is required to conduct activities on public lands when those activities are entirely for purposes other than the excavation or removal of archaeological resources."  *San Carlos Apache Tribe v. United States*, 272 F. Supp. 2d 860, 888 (D. Ariz. 2003); *Attakai v. United States*, 746 F. Supp. 1395, 1410-11 (D. Ariz. 1990) (dismissing ARPA claims where no purposeful activities aimed at archaeological resources were alleged).  Mr. Summers has not alleged any intentional disturbance of archaeological resources that would have required any Defendants herein to comply with ARPA.  (*See generally* Compl.; Am. Compl.)  Accordingly, the court dismisses this claim pursuant to § 1915(a).

Mr. Summers's remaining new statutory claims also do not provide him with relief.  Courts have repeatedly found that there is no private cause of action under NALA.  *See Office of Hawai'ian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1493-95 (D. Haw. 1996); *Sturdevant v. Holder*, No. 1:09CV115, 2010 WL 3210961, at *3 (N.D. W.Va. Aug. 10, 2010).  Executive Order No. 13007 imposes an obligation on the Executive Branch to accommodate Tribal access and ceremonial use of sacred sites and to avoid physical damage to them.  *See S. Fork Band Counceil of W. Shoshone of Nev. v. U.S. Dep't of Interior*, 588 F.3d 718, 724 (9th Cir. 2009) (citing 61 Fed. Reg. 26771 (May 24,

ORDER- 7

1996)).  Because Mr. Summers has not sued any part of the Executive Branch, the Executive Order is inapplicable here.  Finally, the National Museum of the American Indian Act, 20 U.S.C. § 80q-8, provides for the return of Native Hawaiian human remains and funerary objects as well as the creation of a museum exclusively for the preservation and study of the history and artifacts of Native Americans.  It has no application to Mr. Summers's factual allegations either.

Based on the foregoing, the court adopts the Report and Recommendations of Magistrate Judge Tsuchida and dismisses Mr. Summers's complaint.  In addition, the court has reviewed Mr. Summers's proposed amended complaint, which he filed in response to Magistrate Judge Tsuchida's Report and Recommendation.  As discussed above, the court concludes that Mr. Summers's amended complaint, like his original complaint, cannot withstand the court's required scrutiny under 28 U.S.C. §§ 1915A(a) or 1915(e)(2)(B), and the court dismisses it in its entirety without prejudice.

Mr. Summers has already attempted to amend his complaint once and failed to plead allegations that were sufficient under the federal pleading standards and 28 U.S.C. § 1915A(b).  There is no reason to conclude that granting further leave to amend would enable Mr. Summers to plead a legally sufficient claim.  Thus, the court concludes that giving further leave to amend would be futile, and in this instance the court declines to do so.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir. 1987) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint. . . .'")

(internal quotation marks omitted) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

### IV.  MOTION TO APPOINT COUNSEL

Mr. Summer also moved for appointment of counsel.  (*See* Mot.)  Although the court, under 28 U.S.C. § 1915(e)(1), may request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331, (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  Here, the court has already denied Mr. Summers's application to proceed *in forma pauperis*, and so his motion to appoint counsel is moot.  Even if his motion were not moot, however, the court would not grant it.  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  The court has already found that Mr. Summers's claims cannot withstand scrutiny under 28 U.S.C. § 1915A(a).  Thus, he cannot demonstrate a likelihood of success on the merits.  Nor has he demonstrated that he is unable to articulate his claims pro se.  He may not have stated a claim that could avoid dismissal under 28 U.S.C. § 1915A(a), but he has not demonstrated an inability to articulate those claims.  Thus, Mr. Summers has not demonstrated that this case involves exceptional circumstances which warrant the appointment of counsel.  The court denies his motion.

### V.  CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

1   (1) The court ADOPTS the Report and Recommendation (Dkt. # 4) in its entirety;

2   (2) The court DENIES Mr. Summers's application to proceed *in forma pauperis*

3   (Dkt. # 1) as moot;

4   (3) The court DISMISSES Mr. Summers's proposed complaint (Dkt. # 1-1) and

5   his proposed amended complaint (Dkt. # 7) without prejudice.  This dismissal shall count

6   as a "strike" pursuant to 28 U.S.C. § 1915(g);

7   (4) The court DENIES Mr. Summer's motion to appoint counsel (Dkt. # 5); and

8   (5) The court DIRECTS the Clerk to send copies of this Order to Mr. Summers

9   and to Magistrate Judge Tsuchida.

10  Dated this 2nd day of June, 2014.

14  JAMES L. ROBART
United States District Judge